**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RON YOUNGBLOOD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1418** |
| **WARDEN KEITHE TURNER** | **SECTION: "M"(4)** |

## ORDER AND REASONS

Pro se petitioner Ron Youngblood ("Youngblood"), filed the above-captioned 28 U.S.C. § 2254 habeas petition regarding his attempted first-degree murder and felon in possession of a firearm conviction on September 29, 2017, in St. James Parish, Louisiana.[1] Also pending before the Court is Youngblood's **Motion to Reopen Case (ECF No. 23),** which was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Youngblood is a state prisoner incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Youngblood filed his federal habeas petition on July 10, 2025.[2] At the time of filing his federal habeas petition, Youngblood also filed a motion to stay the proceedings.[3] On November 25, 2025, via Order and Reasons, the undersigned granted Youngblood's motion to stay to allow him to exhaust his remedies in the state courts.[4] The undersigned further ordered that the Court retain jurisdiction in this matter and that Youngblood may file a motion to reopen these proceedings within thirty days of exhausting his state court remedies.[5] The Court also noted that

---

[1] ECF No. 1 at 1.
[2] *Id*.
[3] ECF No. 3.
[4] ECF No. 22.
[5] *Id*. at 11.

Youngblood would likely need to supplement his filings to identify each claim he is asserting and the manner in which each claim was exhausted in the state courts.[6]

In support of his motion to reopen the case, Youngblood asserts that he exhausted his state court remedies when the Louisiana Supreme Court denied his related writ application to his petition for post-conviction relief on May 27, 2026.[7] In addition to the motion to reopen, Youngblood also filed a supplement to his habeas petition and a reply to the State's answer to his original petition.[8] Youngblood's motion to reopen is dated as signed June 23, 2026, therefore, under the prison mailbox rule, the motion to reopen was filed within thirty days of the Louisiana Supreme Court's denial of his related writ application to his petition for post-conviction relief and was filed in compliance with this Court's November 25, 2025, order.[9]

Accordingly,

**IT IS ORDERED** that petitioner Ron Youngblood's **Motion to Reopen Case (ECF No. 23)** is **GRANTED** and that the stay is lifted and the Clerk of Court may reopen the above captioned matter.

**IT IS FURTHER ORDERED** that the Respondent file a supplemental or amended answer to Youngblood's original <u>and</u> supplemental habeas petition, together with a legal memorandum of authorities in support of the answer within thirty (30) days of entry of this order addressing all of petitioner's federal habeas claims. The supplemental or amended answer shall state whether petitioner has exhausted state remedies, including any post-conviction remedies available to petitioner under Louisiana law and petitioner's right of appeal or review both from the judgment

---

[6] *Id.*

[7] ECF No. 23 at 1.

[8] ECF Nos. 24, 25.

[9] ECF No. 23 at 2. The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

of conviction and from any adverse judgment or order in the post-conviction proceedings. The supplemental or amended answer shall further set forth the dates of filing and disposition of each appeal and post-conviction application and whether the one-year period of limitation for filing this petition has expired.

**IT IS FURTHER ORDERED** that, within thirty (30) days of entry of this order, the Respondent shall file with the Court a supplemental <u>electronic</u> certified copy of the state court record to be uploaded into CM/ECF in a separate entry from the supplemental or amended answer or memorandum.[10] The supplemental electronic certified copy of the state court record <u>must</u> include, if not previously filed, (1) the <u>ENTIRE</u> record of the <u>STATE DISTRICT COURT</u>, including all rulings and all available transcripts, (2) the <u>ENTIRE</u> records of the <u>COURT OF APPEAL</u> on <u>both direct and collateral review</u>, including all rulings, and (3) the <u>ENTIRE</u> records of the <u>SUPREME COURT OF LOUISIANA</u> on <u>both direct and collateral review</u>, including all rulings. In the event the supplemental state court record cannot be produced in its entirety as ordered, counsel shall advise the Court in writing of the reason for noncompliance.

**IT IS FURTHER ORDERED** that petitioner, Ron Youngblood, may file a reply memorandum within thirty (30) days after the filing of the supplemental or amended answer or response by the Respondent.

New Orleans, Louisiana, this 14th day of July 2026.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] The Clerk of Court will NOT accept a <u>paper</u> copy of the state court record in this matter. The District Attorney <u>must</u> file the state court record <u>electronically</u> in .pdf format in file sizes not to exceed 200MB per upload through the Court's Electronic Court Filing (ECF) system.