**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RON YOUNGBLOOD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1418** |
| **WARDEN KEITH TURNER**[1] | **SECTION "M" (4)** |

# ORDER AND REASONS

On October 13, 2026, Ron Youngblood ("Youngblood") filed a reply to the State's amended answer in connection with his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 39. In his reply, Youngblood also requests this Court's expedited consideration of his petition or asks this Court to order a stay of his retrial on the attempted first-degree murder charge currently scheduled in the state trial court to begin on October 28, 2026. ECF No. 32 at 1-2. In support of his request, Youngblood contends that the State is seeking to retry him on one count of attempted first-degree murder in violation of double jeopardy. Given that he raises a double jeopardy claim his federal habeas petition, Youngblood requests this Court's expedited consideration or an order directing the state trial court to stay the retrial.

## I. Relevant Procedural History

Youngblood is a state prisoner incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. On August 11, 2015, Youngblood was indicted by a grand jury on two counts of attempted first degree murder and one count of felon in possession of a firearm.[2] Following a five day trial, on September 29, 2017, Youngblood was found guilty as to the attempted first degree murder of Deputy Michael Dufrense and felon in possession of a firearm

[1] Wrongly identified as Warden Keithe Turner
[2] ECF No. 13 at 44, Bill of Indictment, 8/11/15.

charge, but was acquitted as to the attempted first degree murder charge of Sgt. Dustin Jenkins.[3] On January 22, 2018, the trial court sentenced Youngblood to fifty years on the attempted first degree murder and twenty years on the felon in possession of a firearm to run consecutively and to be served at hard labor without the benefit or probation, parole or suspension of sentence.[4]

On May 19, 2022, the Louisiana Fifth Circuit Court of Appeal affirmed Youngblood's convictions and sentence.[5] However, the Louisiana Supreme Court granted Youngblood's writ application on June 3, 2020, in light of *Ramos v. Louisiana*, 590 U.S. 83 (2020), and instructed the lower appellate court to conduct a new errors patent review on remand.[6]

In light of the Louisiana Supreme Court's ruling, on September 14, 2020, the trial court issued an order granting a new trial based on a prior motion for appeal filed by Youngblood.[7] On remand from the Louisiana Supreme Court, the Louisiana Fifth Circuit Court of Appeal affirmed Youngblood's conviction and sentence on the felon in possession of a firearm charge and vacated the conviction and sentence on the attempted first-degree murder charge in accordance with *Ramos* on December 9, 2020.[8] As a result, the Louisiana Fifth Circuit Court of Appeal remanded the to the trial court for a new trial as to the attempted first degree murder charge.[9]

From that ruling, Youngblood sought review to the Louisiana Supreme Court which denied his related writ application on May 25, 2021.[10] On August 23, 2022, Youngblood filed a counseled application for post-conviction relief.[11] In the application, Youngblood raised two claims. First,

---

[3] *Id*. at 41-42, Minute Entry, 9/29/17. Youngblood was convicted 11-1 by a non-unanimous jury as to the attempted first-degree murder count but received a unanimous guilty verdict as to the felon in possession of a firearm count.
[4] *Id*. at 43, Sentencing Minutes, 1/22/18.
[5] *State v. Youngblood*, 274 So. 3d 716, 746 (La. App. 5th Cir. 2019); ECF No. 13-9 at 66.
[6] *State v. Youngblood*, 296 So. 3d 1022 (La. 2020); ECF No. 13-26 at 2.
[7] ECF No. 13-20 at 197, Judgment for New Trial, 9/14/20.
[8] *State v. Youngblood*, 308 So. 3d 417, 419 (La. App. 5th Cir. 2020); ECF No. 13-34 at 24.
[9] *Id*.
[10] *State v. Youngblood*, 316 So. 3d 2 (La. 2021); ECF No. 13-33 at 1.
[11] ECF No. 13-14 at 2, Application for Post-Conviction Relief, 8/23/22.

Youngblood claimed that as a result of the trial court granting him a new trial on all counts of his indictment in September of 2020, a decision which the State assented to on the record, his convictions were withdrawn and cannot be resurrected.[12] Second, notwithstanding claim one, Youngblood raised ineffective assistance of counsel as to the felon in possession of a firearm conviction for counsel's failure to object regarding a stipulation relating to prior conviction.[13] In his application Youngblood also listed other unspecified claims related to ineffective assistance of counsel, *Brady*, and violations of due process.[14] In addition to his application for post-conviction relief, Youngblood filed a motion to reserve the right to supplement his post-conviction pleadings which the trial court granted on September 22, 2022.[15]

On March 11, 2025, the state trial court denied all of Youngblood's post-conviction claims.[16] The Louisiana Fifth Circuit Court of Appeal denied Youngblood's related writ application on November 7, 2025, via reasoned opinion.[17] Notably, the Louisiana Fifth Circuit found that Youngblood was not being subjected to double jeopardy in conjunction with his retrial of the attempted first-degree murder charge.[18]

## II. <u>Request For Expedited Consideration or an Order Staying</u>

Youngblood's first request is that this Court give his federal habeas petition expedited consideration in light of his retrial on the attempted first-degree murder charge currently set for October 28, 2026. Alternatively, Youngblood requests that this Court issue an order directing the state trial court to stay the retrial.

[12] *Id*. at 8.
[13] *Id*. at 9.
[14] *Id*. at 5.
[15] *Id*. at 41, Motion to Supplement Post-Conviction Pleadings, 8/23/22; *Id*. at 42, Order Granting, 9/22/22.
[16] ECF No. 19 at 14.
[17] *State ex rel. Youngblood v. State*, 25-KH-214, 2025 WL 3124019 at *1-5, (La. App. 5th Cir. 2025).
[18] *Id*. at *3.

To the extent that Youngblood seeks an order from this Court to direct the state trial court to stay his retrial on the attempted first-degree murder charge, this Court is without authority to do so. The law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision also does not give the Court jurisdiction to issue the requested relief that Youngblood seeks. *See Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) and *Moye v. Clerk*, *DeKalb County Superior Court*, 474 2d 1275 (5th Cir. 1973)); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971).

Therefore, Youngblood's request to order the state trial court to stay his retrial on the attempted first-degree murder charge is denied.

As to Youngblood's request for expedited consideration of his petition, Youngblood filed this action pursuant to 28 U.S.C. § 2254. In pertinent part, § 2254 requires that the action be brought by a person in custody pursuant to the *judgment* of a state court. *See* § 2254(a) (emphasis added). As to the portion of Youngblood's double jeopardy claim that relates to his attempted first-degree murder charge, this Court is without jurisdiction to address that claim under § 2254 as he is currently pending retrial and does not have an underlying conviction as to that charge.[19] The

[19] The proper venue to do so would be under 28 U.S.C. § 2241.

Court does have jurisdiction under § 2254 to address his double jeopardy claim in relation to his felon in possession of a firearm conviction which is not subject to retrial.

Youngblood's petition will be considered in an expedient fashion in accordance with federal law and the rules governing habeas corpus cases, and, as soon as practicable given the demands of the court docket, including conducting an analysis of whether Youngblood is entitled to an evidentiary hearing. Beyond these legal obligations, the Court finds no grounds for expedited consideration due to Youngblood's pending retrial on the attempted first-degree murder charge.

Accordingly,

**IT IS ORDERED** that the requested relief, as outlined in petitioner Ron Youngblood's **Reply (ECF No. 39)** to the State's amended answer to his petition for a writ of habeas corpus, is **DENIED** as set forth above.

New Orleans, Louisiana, this 20th day of October, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**